# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00291 |
| | (Judge Brann) |
| v. | |
| MARKEESE ASKEW, <br> RAYMOND HOWARD, | |
| Defendants. | |

## MEMORANDUM OPINION

### APRIL 9, 2019

**I.   BACKGROUND**

Defendant Markeese Askew, together with three co-defendants, was indicted in a second superseding indictment on May 24, 2018 .[1] He is charged in Count 1 with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846; in Count 10 with Possession with Intent to Distribute/Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1);[2] in Count 14 with Possession with Intent to Distribute /Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1); in Count 15 with  Possession with Intent to Distribute/Distribution of Fentanyl in violation of 21 U.S.C. § 841(a)(1); in Count 16 with Possession with Intent to Distribute/Distribution of Methamphetamine in

---

[1]   ECF No. 46.

[2]   This offense is alleged to have resulted in 'serious bodily injury' to a victim identified under the pseudonym "RS."

violation of 21 U.S.C. § 841(a)(1); and in Count 17 Possession with Intent to Distribute/Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1).

Defendant Askew filed a Motion for Severance of Counts 14 through 17 pursuant to Federal Rules of Criminal Procedure 8(a) and 14(a).[3] Defendant Raymond Howard subsequently joined the motion.[4] The Government filed a brief opposing the motion,[5] no reply brief was filed, and therefore the motion is now ripe for disposition. The motion to sever will be denied for the reasons that follow.

## II. DISCUSSION

### A. Joinder is proper pursuant to Federal Rule of Criminal Procedure 8.

The federal criminal system has a generous joinder policy. "Rule 8 of the Federal Rules of Criminal Procedure reflects this liberal joinder policy, allowing the government to advance multiple charges against multiple defendants in a single indictment."[6] Moreover, the United States Supreme Court has explained that "there is a preference in the federal system for [the] joint trial of defendants who are

---

[3] November 29, 2018, ECF No. 122.

[4] December 19, 2018, ECF No. 142.

[5] February 26, 2019, ECF No. 176.§

[6] *United States v. Avila*, 610 F. Supp. 2d 391, 394 (M.D. Pa. 2009) (Conner, J.).

indicted together."[7]  Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."[8]

Federal Rule of Criminal Procedure 8(a) reads:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

In *United States v Irizarry*, the United States Court of Appeals for the Third Circuit held that "Rule 8(a) dealing with the joinder of offenses, applies only to prosecutions involving a single defendant and that in a multi-defendant case such as this, the tests for joinder of counts and defendants is merged in Rule 8(b)."[9]  The Third Circuit continued, stating: "moreover, most courts have held that Rule 8(b) applies exclusively to issues of joinder of multiple defendants and that Rule 8(a) applies only in cases involving a single defendant charged with multiple offenses."[10]

---

[7]  *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

[8]  *Id.*

[9]  341 F.3d 273, 287 (3d Cir. 2003) (internal citations omitted).

[10]  *Id.* The *Irizarry* court also noted, however, in footnote four that:

> We did suggest in *Eufrasio* that Rule 8(a) might be the correct standard for the joinder of multiple offenses against one defendant, even in a case involving multiple defendants. We noted in dicta that "contrary to the jurisprudence in other circuits, when a joinder of offenses charged against the same defendant is challenged, the literal meaning of the Rule requires the application of Rule 8(a), irrespective of whether multiple defendants are involved in the case." *Eufrasio*, 935 F.2d at 570 n. 20. However, we did not resolve the question of which Rule applied when a defendant in a multi-defendant case challenges the

Federal Rule of Criminal Procedure 8(b) states:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"The party challenging joinder bears the burden of persuasion."[11] Here, Askew asserts that "Counts 14 through 17 are sufficiently different from the allegations in the conspiracy and should be severed for trial."[12] Specifically, Askew argues that: "Counts 1 through 13 involve charges relating to a conspiracy to distribute heroin and carfentanil which is alleged to have involved Mr. Askew and three others: Nathan Crowder, Wayne Davidson and Raymond Howard."[13] "Counts 14 through 17 involved distributions of fentanyl and methamphetamine, and combinations of heroin and fentanyl, and fentanyl and methamphetamine by

---

<div style="font-size:smaller">

joinder of offenses in an indictment, because the results of our analysis would have been the same under Rule 8(a) or 8(b). *Id*. at 570.

The difference between the standards is significant. Although the standards of Rule 8(a) and Rule 8(b) are similar, in that they both require a "transactional nexus" between the offenses or defendants to be joined, Rule 8(a) is more permissive than Rule 8(b) because Rule 8(a) allows joinder on an additional ground, i.e., when the offenses "are of the same or similar character." *Eufrasio*, at 570 n. 20 (quoting Fed.R.Crim.P. 8(a)); *see also United States v. McGill*, 964 F.2d 222, 243 (3d Cir.1992) (referring to the "stricter, 'same act or transaction' standard of Rule 8(b)").

*United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003)

[11] *United States v. Christy*, No. 3:18-CR-223, 2019 WL 636981, at *3 (M.D. Pa. Feb. 14, 2019) (Mariani, J.).

[12] ECF No. 123 at 3.

[13] *Id.* at 5.

</div>

Mr. Askew at a time after the alleged conspiracy."[14] He further contends that "The Government has not produced any evidence to suggest that the distribution of fentanyl and methamphetamine was part of the same conspiracy to distribute heroin and carfentanil."[15]

Finally, Askew argues that:

> The conspiracy involving heroin and carfentanil is alleged to have been in existence from in or about October 2016 to in or about July 2017. Although the conduct charged in Count 14 is alleged to have occurred "on or about July 25, 2017," the conduct charged in Counts 15 through 17 is alleged to have occurred "on or about August 14, 2017," and "on or about August 15, 2017" which is distinct in time from all of the other allegations of the conspiracy. Here, even though Counts 14 through 17 involved the distribution of drugs, they are not the same type of drugs. Moreover, Counts 14 through 17 are not based on the same act or transaction nor are they part of the same common scheme or plan as the conspiracy alleged in Count 1. The set of charges in Counts 14 through 17 bear no connection to the conspiracy other than the defendant. The Government's proof with respect to the distributions in Counts 14 through 17 will be entirely different from and unrelated to the proof that will be offered with respect to the conspiracy.[16]

It stands to reason that "A court addressing the propriety of joinder may consider the contents of the indictment, representations set forth in pretrial filings, and any offers of proof submitted by the government."[17] In the case at bar, the indictment, together with the Government's proffers in its brief opposing the motion, set forth the following narrative:

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 5-6.

[17] *Avila*, at 395.

Count 1 charges Askew, and his co-defendants, Nathan Crowder, Wayne Davidson, and Raymond Howard with an October 2016 to July 2017 conspiracy to distributed controlled substances, including heroin and substances that are mixtures of heroin and carfentanil.[18] This conspiracy count alleges that the foursome used cellular telephones to arrange and facilitate transactions involving heroin and carfentanil purchased in Philadelphia, Pennsylvania and sold in various locations in Lycoming County, Pennsylvania.[19]

Count 10 charges Askew with possession with intent to distribute and distribution of a mixture of heroin and carfentanil that resulted in serious bodily injury to R.S.[20] On or about June 30, 2017, R.S. overdosed after using a mixture of carfentanil and heroin.[21] After being treated by paramedics, R.S. told Pennsylvania State Police troopers that he had purchased the carfentanil laced heroin earlier that day from Askew.[22]

---

[18] ECF No. 46. Carfentanil is an analog of the synthetic opioid analgesic fentanyl. The Drug Enforcement Administration issued the following press release statement regarding carfentanil on September 22, 2016:

> DEA has issued a public warning to the public and law enforcement nationwide about the health and safety risks of carfentanil. Carfentanil is a synthetic opioid that is 10,000 times more potent than morphine and 100 times more potent than fentanyl, which itself is 50 times more potent than heroin.

[19] ECF No. 46.

[20] ECF No. 46.

[21] ECF No. 176.

[22] ECF No. 176.

Count 14 charges Askew with possession with intent to distribute and distribution of heroin and fentanyl on or about July 25, 2017.[23] The Williamsport Bureau of Police provided a confidential informant with $120 to purchase twelve bags of a controlled substance from Askew.[24] Laboratory testing identified the substance in the bag as heroin and fentanyl.[25]

Count 15 charges Askew with possession with intent to distribute and distribution of fentanyl and Count 16 charges him with possession with intent to distribute and distribution of methamphetamine, both on or about August 14, 2017.[26] In response to the R.S. overdose, the Pennsylvania State Police arranged for a confidential informant and an undercover trooper to engage in a controlled drug buy from Askew.[27] The confidential informant was provided $70 to purchase 10 bags of controlled substances from Askew.[28] The undercover trooper then purchased one-half gram of methamphetamine from Askew. The Government asserts that at least one civilian and one law enforcement witness will testify as to the August 14, 2017 purchases and will also testify as to the R.S. overdose charged in Count 10.

---

[23] ECF No. 46.
[24] ECF No. 176.
[25] ECF No. 176.
[26] ECF No. 46.
[27] ECF No. 176.
[28] ECF No. 176.

Count 17 charges Askew with possession with intent to distribute and distribution of a mixture of fentanyl and methamphetamine.[29] On or about August 15, 2017, the Williamsport Bureau of Police provided a confidential informant with $140 to purchase five bags of a controlled substance and one-half gram of methamphetamine from Askew.[30] Laboratory results later identified fentanyl in the five bags.

Joinder here is proper under both Rule 8(a) and the stricter 'same act or transaction' standard of Rule 8(b) as there is a "'transactional nexus' between the offenses [] joined"[31] in the case at hand. "Rule 8(b)'s terms are broadly construed so that a 'transactional nexus,' or a logical relationship between charges, is all that is required for them to be considered part of the same 'transaction.'"[32] To find a 'transactional nexus' means "that the defendant[] must have participated in the same act or transaction, or in the same series of acts or transactions."[33]

"There is not a misjoinder under Rule 8 if 'the temporal proximity of and substantive similarities between the [two sets of charges] render them sufficiently related as to have the 'transactional nexus' required for joinder.'"[34] Here, there is a

---

[29] ECF No. 46.

[30] ECF No. 176.

[31] *United States v. Green*, 563 F. App'x 913, 915–16 (3d Cir. 2014).

[32] *United States v. Taylor*, No. CR-15-214, 2018 WL 5830254, at *2 (M.D. Pa. Nov. 7, 2018).

[33] *United States v. Jimenez*, 513 F.3d 62, 83 (3d Cir. 2008).

[34] *Taylor* at *2 *citing U.S. v. Adens*, 2015 WL 894205, *1 (E.D. Pa. Feb. 27, 2015), *see also United States v. Jones,* 2016 WL 3067010, *26 (W.D. Pa. June 1, 2017).

relationship between the charges of conspiracy to distribute heroin and carfentanil, the distribution of heroin and carfentanil that caused serious bodily injury, and the distribution of heroin, fentanyl, and methamphetamine because all of the offenses are drug distribution, over a short time span, in the same geographical area, and with several overlapping witnesses. I find that the 'transactional nexus' for joinder exists in this case. The motion, insofar as it relies on Federal Rule of Criminal Procedure 8, is therefore denied.

### B. Joinder is not prejudicial pursuant to Federal Rule of Criminal Procedure 14(a).

"Because Rule 8 does represent a strong preference, in language and policy, for broadly construing the propriety of joinder as an initial matter, district courts must not shirk their duties under Rule 14."[35] "Rule 14 permits severance of proper Rule 8 joinder."[36] Federal Rule of Criminal Procedure 14(a) states: "(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "The district court, in exercising its discretion, balances the potential prejudice to the defendant against the advantages of joinder in terms of judicial economy."[37] "Of course, it is well established that

---

[35] *United States v. Coleman,* 22 F.3d 126, 133 (7th Cir. 1994).

[36] *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991).

[37] *United States v. Sandini*, 888 F.2d 300, 305 (3d Cir. 1989).

judicial economy favors a joint trial where defendants are jointly indicted, and where defendants are charged with a single conspiracy."[38]

In this matter, Askew asserts that he will be "substantially" prejudiced if the severance is not granted. He claims that there is significant danger that the jury will believe that if he delivered drugs once, he must *ipso facto* have delivered other drugs on other occasions, and that the jury will impute guilt from one count to the other counts. He argues:

> Studies have shown "that joinder of counts tends to prejudice jurors' perceptions of the defendant and of the strength of the evidence on both sides of the case." *Bean v. Calderon*, 163 F.3d 1073, 1084 (9th Cir. 1988) (*quoting United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986)). The more wrongdoing of which Mr. Askew is accused, the more likely the jury is to think that he must be
> guilty of something.
>
> Joinder may be prejudicial when the charging of several crimes made the jury hostile. *United States v. Weber*, 437 F.2d 327, 332 (3d Cir. 1970). Given the nature of the allegations in the conspiracy involving delivery of heroin and carfentanil resulting in serious bodily injury, adding more charges of different drugs whether they caused serious bodily injury or not will serve to increase the jury's hostility toward Mr. Askew. Joining unrelated drug distributions with an already extensive conspiracy, may result in a verdict on each set of charges which is entirely influenced by the evidence presented on the other set of charges.

"Defendants bear a 'heavy burden' when moving for severance under Rule 14."[39] Consequently, "mere allegations of prejudice are insufficient to meet this

---

[38] *Id.* (internal citation omitted).

[39] *United States v. Giampa,* 904 F. Supp. 235, 265 (D.N.J. 1995); *see also U.S. v. Eufrasio,* 935 F.2d 553 (3d Cir. 1991).

burden."⁴⁰ The United States Supreme Court has explained that, "when many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened."⁴¹ "The risk of prejudice will vary with the facts."⁴² "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but… less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."⁴³

The prejudice Askew postures here will be appropriately minimized and balanced by the standard Third Circuit model criminal jury instructions 3.12 through 3.15.⁴⁴ These instructions direct jurors to give 'separate consideration' to each offense and defendant. Moreover, the Third Circuit instructions advise jurors that the number of offenses charged 'is not evidence of guilt and should not influence' the verdicts. "Juries are presumed to follow their instructions."⁴⁵

Additionally, in *post hoc* review, "in considering whether a criminal defendant was prejudiced by the joinder of multiple charges, [the Third Circuit] has considered factors such as: (1) whether the presentation of separate counts with

---

⁴⁰ *Id.*

⁴¹ *Zafiro*, 506 U.S. at 539.

⁴² *Id.*

⁴³ *Id.*

⁴⁴ The particular instruction depends on whether all Defendants remain at the time of trial or only Askew.

⁴⁵ *Richardson v. Marsh*, 481 U.S. 200, 211, (1987).

distinct and extensive evidence confused the jury, (2) whether the charging of several crimes made the jury hostile, and (3) whether the jury was able to segregate the evidence as to each count."[46]

Instantly, the Government first proffers that the factual basis for all of the charges in the indictment are sufficiently similar such that the jury will not be confused. Specifically, the Government states that:

> As to the first factor, there is little possibility that the evidence in this case will confuse the jury. As to Count 1, the jurors will hear evidence of contact between phone numbers associated with each of the four defendants, a variety of witnesses who will testify to drug-related interaction between the four charged individuals, and the singular introduction and distribution of carfentanil-laced heroin to the Williamsport area. As to Count 10, the jurors will hear from R.S. concerning his purchase and use of controlled substances, along with civilians, emergency medical technicians, and law enforcement who responded to the scene on June 30, 2017.
>
> For Counts 15 and 16, civilian and law enforcement witnesses will testify as to the controlled purchase that arose as part of the ongoing investigation that stemmed directly from the R.S. overdose. As to Counts 14 and 17, the jury will hear from law enforcement witnesses and a second confidential informant who conducted the controlled purchases on July 25, 2017 and August 15, 2017.[47]

Second, the jury is unlikely to be hostile to Askew based on the joinder of charges. The crimes are all similar. "The crimes [do] not differ so greatly in nature that one [is] more likely to arouse hostility than another."[48] Moreover,

---

[46] *United States v. Noyes*, No. 1:08-CR-55-SJM-1, 2010 WL 5058346, at *2 (W.D. Pa. Dec. 6, 2010) *citing United States v. Torres*, 251 Fed. Appx. 763, 764 (3d Cir. Sept.21, 2007).

[47] ECF No. 176 at 12-13.

[48] *Torres* at 765

despite Askew's assertions to the contrary, evidence regarding the other drug distribution offenses would likely be admissible under Federal Rule of Evidence 404(b) to establish Askew's knowledge or absence of mistake.

Third, the jury will easily be able to segregate the evidence as to each count. The evidence is distinct as to each count as the offenses occurred on different dates, involve four different drugs, and involve different quantities of drugs in each count.

The judicial economy promoted here by trying all Askew's charged crimes together outweighs the minimal prejudice to him by not severing the final four counts of the indictment from his other charges.

### III. CONCLUSION

For the reasons stated above, the Motion for Severance of counts 14 through 17 is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge