# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

MARKEESE ASKEW,

Defendant.

No. 4:17-CR-00291-02

(Chief Judge Brann)

### MEMORANDUM OPINION

### AUGUST 30, 2024

In April 2021, Defendant Markeese Askew was sentenced to 192 months' imprisonment for Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances, including a mixture and substance containing a detectable amount of heroin, and mixtures and substances containing a detective amount of heroin and carfentanil, Schedule I and Schedule II controlled substances, in violation of Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).[1] Pursuant to the United States Sentencing Commission's adoption of Amendment 821, Askew now moves for a reduced sentence under Title 18 U.S.C. § 3582(c)(2).[2]

Section 3582(c)(2) provides that where the sentencing range applicable to a defendant's term of imprisonment is subsequently lowered by the Sentencing Commission, a court may reduce a defendant's term of imprisonment after considering the factors set forth in Title 18 U.S.C. § 3553(a), if such a reduction is

---

[1]   Judgment, Doc. 444; Final Presentence Investigation Report, Doc. 389 at 1-2; Plea Agreement, Doc. 334 ¶1.

[2]   Motion to Reduce Sentence RE: Amendment 821, Doc. 502.

consistent with applicable policy statements issued by the Sentencing Commission.[3] That section sets out a two-step process: "A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, in whole or in part, according to the factors set forth in § 3553(a)."[4]

Beginning with step one, Amendment 821 to the United States Sentencing Guidelines Manual ("U.S.S.G.") modified the assessment of criminal history points in a specific scenario. Previously, a defendant received two additional criminal history points for committing an offense while under a criminal justice sentence, commonly referred to as "status points."[5] The new guidelines, released November 2023, only impose one status point for committing an offense while under a criminal justice sentence, and only if the defendant received seven or more points under U.S.S.G. §4A1.1(a)–(d).[6] The Commission further determined that Amendment 821 would apply retroactively to incarcerated defendants.[7]

Here, the Government agrees that Askew is eligible for a sentence reduction under United States Sentencing Guideline ("U.S.S.G.") §1B1.10 based on Amendment 821.[8] Askew's criminal history category was IV at the time of

---

[3]   18 U.S.C. § 3582(c)(2).
[4]   *Dillon v. United States*, 560 U.S. 817, 826 (2010).
[5]   U.S.S.G. §4A1.1(d) (U.S. Sentencing Comm'n 2021).
[6]   U.S.S.G. §4A1.1(e) (U.S. Sentencing Comm'n 2023).
[7]   U.S.S.G. §1B1.10(d) (U.S. Sentencing Comm'n 2023).
[8]   Brief in Opposition, Doc. 505 at 3.

sentencing based on 8 criminal history points, but because Askew would not receive 2 "status points" under the existing Guidelines,[9] Askew would be a criminal history category III if sentenced today.[10]

Askew proffers a somewhat convoluted route to arrive at the new guideline range, which is also uncontested by the Government. At the time of sentencing, Askew had a total offense level of 35 and a criminal history category of IV, resulting in a guideline range of 235–293 months' imprisonment.[11] But the Court accepted an amended sentencing range contained in Askew's plea agreement, which modified the range to 135–210 months' imprisonment.[12] This Court accepted the downward variance of Askew's sentencing range as appropriate to the resolution of the case in light of the recommended guideline range and the factors set out in Section 3553(a); so despite being presented in a plea agreement, Askew's range was nevertheless "based on" the guideline range.[13] Comparing these ranges, Askew states that plea range "equates to a reduction at the bottom of 5-levels below the range at an offense level of 30 to the bottom of 1-level below the range

---

[9]   Askew did commit the offense while on parole, but he only had 6 criminal history points at that time, and U.S.S.G. §4A1.1(e) now requires 7 criminal history points for any additional "status points" to be assessed.

[10]  *See* Final Presentence Investigation Report, Doc. 389 at 12 (adding two criminal history points because the defendant committed the offense while on parole).

[11]  Statement of Reasons, Doc. 445.

[12]  *Id.* at 3; Plea Agreement, Doc. 334 ¶12.

[13]  *See* 18 U.S.C. § 3582(c)(2) (only permitting sentence reductions for defendants sentenced "based on a sentencing range" that has subsequently been lowered by the Sentencing Commission); *Hughes v. United States*, 584 U.S. 675, 686–88 (2018) ("[I]n the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range.").

at an offense level of 32."[14] The Court then sentenced Askew to 192 months,[15] which according to Askew is "9% below the top of the agreed upon range."[16]

Taking his modified criminal history category of III, Askew runs through this process again to arrive at a new sentence: he would begin with a guideline range of 210–262 months for a total offense level of 35 and a criminal history category of III; taking the bottom of 5 levels below the total offense level, 30, to the bottom of 1 level below the total offense level, 34, creates a comparable range of 121–188 months' imprisonment; and choosing a sentence 9% below the top of this range results in a sentence of 171 months' imprisonment. Therefore, Askew is eligible to receive a sentence of 171 months' imprisonment based upon Amendment 821.

Moving to the second step of this analysis, however, the Government argues that the Court should deny any sentence reduction based on this Court's assessment of the 3553(a) factors.[17] Askew's main response is to direct the Court to his efforts at rehabilitation during incarceration,[18] which include working to obtain his G.E.D., maintaining employment with the Chaplain, avoiding

---

[14]   Brief in Support, Doc. 503 at 2.
[15]   Judgment, Doc. 444.
[16]   Brief in Support, Doc. 503 at 2.
[17]   Brief in Opposition, Doc. 505.
[18]   Reply Brief, Doc. 504 at 2.

disciplinary infractions, completing educational and wellness courses, and completing drug abuse education.[19]

Where a defendant is "eligible for a sentence reduction, the decision to grant one remains within the discretion of the district court."[20] The most compelling reason to deny Askew a reduced sentence is the nature of his original criminal conduct, which the United States Court of Appeals for the Third Circuit has held is a permissible basis for denying a motion for a sentence reduction.[21] Granting this sentence reduction would also exacerbate an unwarranted sentencing disparity between Askew and defendants convicted of similar conduct. The Court also considers the favorable nature of Askew's plea agreement.

Section 3553(a)(1) directs the sentencing judge to consider the nature and circumstances of the offense, along with the history and characteristics of the defendant. Here, Askew's criminal history already reflected prior drug-related offenses at the time of sentencing.[22] And Askew's conduct remains alarming. Askew was involved in a drug trafficking conspiracy with multiple co-defendants in the Williamsport area, in furtherance of which he distributed lethal controlled substances.[23] Askew traveled to Philadelphia, Pennsylvania, to purchase these

---

[19]  Brief in Support, Doc. 503 at 5-6.
[20]  *United States v. Moorefield*, 664 F.App'x 257, 259 (3d Cir. 2016).
[21]  *United States v. Styer*, 573 F.3d 151, 154–55 (3d Cir. 2009).
[22]  Final Presentence Investigation Report, Doc. 389 ¶39.
[23]  *Id.* ¶13.

controlled substances.[24] Law enforcement officers conducted multiple controlled purchases from Askew, during which he exchanged cash for heroin, fentanyl, and crystal methamphetamine; Askew also trafficked in carfentanil.[25] Multiple victims were identified who suffered serious bodily injury as a result of Askew's drug transactions, including at least one victim who almost died as a result of a heroin overdose.[26] By facilitating the trafficking and sale of a large quantity of lethal controlled substances, Askew placed lives in danger.

Relatedly, Section 3553(a)(2) directs the sentencing judge to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The gravity of Askew's offense demonstrates the compelling need for his sentence to protect the public by deterring future offenses. As demonstrated by the circumstances of Askew's offense, in which a victim nearly died from a heroin overdose, Askew's drug trafficking conduct endangered the community by creating and exacerbating drug additions, particularly given the deadly nature of heroin, fentanyl, carfentanil, and methamphetamine. Additionally, as this Court

---

[24]   *Id.*
[25]   *Id.* ¶¶14-17.
[26]   *Id.* ¶¶14, 24.

explained recently in denying a motion from a defendant with similar offense conduct, "[d]espite the Sentencing Commission's determination, this Court may consider that" a defendant participated in "a drug trafficking conspiracy while on parole as demonstrating his disrespect for the law."[27]

Section 3553(6) instructs a sentencing judge to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[28] This factor also weighs against a sentence reduction. The Court acknowledges Askew's argument that any disparity created by the downward variance would not be "unwarranted" because it would reflect Amendment 821 to the sentencing guidelines.[29] However, defendants convicted for similar conduct are subject to a much higher mandatory minimum sentence and enlarging that sentencing disparity would cut against Section 3553(6). Askew acknowledged that serious bodily injury resulted to a specified victim from his distribution of heroin and carfentanil in his plea agreement.[30] As acknowledged by the probation office at the time of initial sentencing, had Askew been convicted for

---

[27]  *United States v. Taylor*, 4:21-CR-00172-01, 2024 U.S. Dist. LEXIS 87252, at *5 (M.D. Pa. May 15, 2024).

[28]  18 U.S.C. § 3553(a)(6).

[29]  Reply Brief, Doc. 506 at 2.

[30]  Plea Agreement, Doc. 334 ¶11. *See also* U.S.S.G. §1B1.2 (setting out method of determining guideline range where the plea agreement contains a stipulation establishing a more serious offense than the offense of conviction); 21 U.S.C. § 802(25) ("The term 'serious bodily injury' means bodily injury which involves—(A) a substantial risk of death.").

this conduct, he would face a mandatory minimum term of imprisonment of 20 years (240 months).[31]

Askew's sentence of 192 months, then, already created disparities between him and defendants found guilty of similar conduct at the time of sentencing. This Court permitted that disparity as warranted in light of Askew's plea agreement. But a further reduction would increase this disparity, and unlike the initial sentence, would be without the Government's acknowledgement that the new sentence is an "appropriate disposition of the case."[32] The Third Circuit has also held that the Court may consider the "extremely favorable" nature of a defendant's plea agreement as a consideration relevant to the "nature and circumstances of [his] offense."[33]

Taking all these factors together, the Court finds that Askew's already-existing sentence of 192 months is necessary to reflect the seriousness of his offense, promote respect for the law, deter future crimes, and protect the community. The Court has also considered that a further reduction would lengthen

---

[31]   Presentence Investigation Report, Doc. 389 ¶73.

[32]   Plea Agreement, Doc. 334 ¶12.

[33]   *United States v. Shimp*, 353 F.App'x 740, 743 (3d Cir. 2009). *See also United States v. Mitchell*, Case No. CR-09-108-RAW, 2012 U.S. Dist. LEXIS 165544, at *6 (E.D. Okla. Nov. 19, 2012) ("Moreover, the notion that the favorable nature of a plea agreement can be considered within the §3553(a) factors appears to have been accepted in *United States v. Shimp*."); *United States v. Gordon*, Criminal Action No. 18-361, 2024 U.S. Dist. LEXIS 48957, at *6 (E.D. Pa. Mar. 20, 2024) (noting, in denying a motion for a reduced sentence based on Amendment 821, that the defendant "received extensive benefits from his 'very favorable' plea agreement" and that the Government moved to dismiss a charge which would have carried a much higher mandatory minimum sentence).

the disparity between Askew and defendants convicted of similar conduct, together with the favorable nature of Askew's original plea agreement.

Defendant Markeese Askew's Motion to Reduce Sentence RE: Amendment 821 (Doc. 502) will be **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge